**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1622
_____

COREY L. HARRIS,
                                        Appellant

v.

GOVERNOR OF THE STATE OF PENNSYLVANIA;
GARY D. ALEXANDER, in his official capacity as Secretary of the Pennsylvania
Department of Public Welfare; ERIC ROLLINS, in his official capacity as Executive
Director of the Erie County Assistance Office; MARK CAUSGROVE, in his official
capacity as Child Support Director of Domestic Relation Section Enforcement for Erie
Pennsylvania; BARRY GROSSMAN, in his official capacity as Erie County Executive
of Government Agency of Erie County Pennsylvania; LARIE ZACK, in his official
capacity as Erie County Court of Common Pleas Collections Bureau Officer a Division
of Adult Probation/Parole of Erie County Pennsylvania; DANIEL N. RICHARD

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2014
Before: JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: August 26, 2014 )
_____

OPINION

PER CURIAM

Corey L. Harris appeals pro se from the District Court's order dismissing his complaint with prejudice. We will affirm.

## I.

In 2012, Harris filed a complaint in the District Court alleging violations of his civil rights in relation to a child support order. The named defendants were all officials of the Commonwealth of Pennsylvania, the Erie County Court of Common Pleas, and Erie County. The District Court determined that Harris's claims were barred variously by the 11th Amendment, the statute of limitations, collateral estoppel, the Rooker-Feldman doctrine, and the defendants' lack of personal involvement. Nevertheless, the District Court dismissed Harris's complaint without prejudice to his ability to file an amended complaint against the three defendants who had been named in their individual capacity, specifically Mark Causgrove, Larie Zack, and Barry Grossman.

When Harris filed an amended complaint, he named three entirely new defendants in their official capacities, although in the body of the amended complaint he again named the defendants from the original complaint. He roughly alleged that : (1) he was denied payment for his ownership interest in several programs of the Erie Metropolitan Transit Authority between 1999 and 2011; (2) his court-ordered child support obligations for the years 2009, 2010, and 2011 were excessive; (3) he was illegally incarcerated in

2

October 2011 for civil contempt for failing to pay his court-ordered child support; and (4) he was denied the assistance of court appointed counsel at his contempt proceeding. On the defendants' motion to dismiss, the District Court determined that Harris had failed to allege the personal involvement of any of the defendants and, for that and other reasons, dismissed his complaint with prejudice. Harris timely appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Harris's second amended complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In conducting our review, we liberally construe Harris's pro se filings. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

A plaintiff in a civil rights suit must allege the personal involvement of individual government defendants, which includes stating the conduct, time, place, and persons responsible. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Here, Harris alleged various civil rights violations, but he did not state that the defendants had any personal involvement in the conduct underlying his claims. Accordingly, the District Court properly dismissed Harris's amended complaint for failure to state a claim. Moreover, as the District Court had already permitted Harris to amend his complaint and had provided him with guidance on complying with Federal Rule of Civil Procedure 12(b)(6), it

3

appropriately determined that further amendment would be futile.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  To the extent that Harris is appealing the order dismissing his original complaint, we agree with the District Court's reasoning and can find no basis for overruling it.

Accordingly, we will affirm the judgment of the District Court.  Appellant's outstanding motions are denied.